<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **DEBORAH CHITESTER**, <br><br>        Appellant, <br><br>        v. <br><br>**CHAPTER 13 TRUSTEE**, <br><br>        Appellee. | Civil Action No. 25-2058 (ZNQ) <br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon an Appeal of the Bankruptcy Court's March 20, 2025, Dismissal Order by Debtor Deborah Chitester ("Debtor"). (ECF No. 1-2.) Debtor filed several papers between July 16, 2025, and August 12, 2025, ("Appellant Br.," ECF Nos. 8, 9, 10, 11, 12, & 13), which the Court construes as Debtor's appellate brief. (ECF No. 14.) The Chapter 13 Trustee, Albery Russo ("Trustee"), filed a responsive brief. ("Appellee Br.," ECF No. 18.)

      The Court has carefully considered the parties' submissions and decides the Appeal without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **AFFIRM** the Bankruptcy Court's March 20, 2025 Dismissal Order.

**I.**      <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

      On April 2, 2024, Debtor, appearing *pro se*, filed a voluntary Chapter 13 bankruptcy petition in advance of a Sheriff Sale scheduled in connection with a final judgment of foreclosure on her property at 107 Newman Court, Pennington, New Jersey (the "property"). (ECF No. 22-1

at 36–37.)  Debtor thereafter filed a Chapter 13 Plan on June 4, 2024.  (ECF No. 20-1 at 6–17.)  In that document, Debtor indicated she wished to sell the property as soon as possible.  (*Id.*)  On August 21, 2024, Debtor filed a modified Chapter 13 Plan indicating that she would make twenty-five-dollar payments to the Trustee each month for thirty-six months beginning on May 1, 2024 and would sell the property by December 31, 2024.  (*Id.* at 23–33.)  The Court entered an Order confirming the plan ("the Confirmed Plan") that required Debtor to make twenty-five-dollar payments to the Trustee each month for thirty-six months beginning on May 1, 2024 and to pay the balance of the plan with the non-exempt proceeds from the sale of the property by January 31, 2025.  (*Id.* at 34–38.)  The Confirmed Plan also mandated Debtor to file an objection to Creditor US Bank Trust National Association's ("US Bank") proof of claim by December 20, 2024, (*id.*), which indicated a total claim on the property in the amount of $324,227.03 with pre-petition arrears on the mortgage in the amount of $135,050.44.  (*Id.* at 40–66.)

On December 30, 2024, the Trustee filed a Motion to Dismiss because Debtor failed to object to US Bank's Claim by the December 20 deadline and US Bank's Motion for Relief from the Stay was not ordered by the Bankruptcy Court on September 4, 2024.  (*Id.* at 68–74.)

On December 31, 2024, Debtor wrote a letter to the Bankruptcy Court seeking an extension of time under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, to sell the house due to a mouse infestation.  (*Id.* at 75–81.)  On January 3, 2024, Debtor submitted another adjournment request, stating that the house was off the market due to the mouse infestation but informed the Bankruptcy Court that two potential buyers were interested in the property.  (*Id.* at 81–85.)  In that same submission, Debtor requested another ADA accommodation for extra time and to permit an expert witness to testify, if needed, regarding certain symptoms consistent with her disability.  (*Id.*)  On that date, Debtor also submitted her objection to US Bank's proof of claim

and filed an adversary complaint against US Bank challenging the validity of the lien amount. (*Id.* at 87–92.; ECF No. 21-1 at 2–20.)

On January 28, 2025, US Bank moved to dismiss the Chapter 13 petition under 11 U.S.C. § 1307(c) for bad faith, opposed Debtor's objection to its proof of claim, and moved to dismiss Debtor's adversary proceeding. (ECF No. 21-1 at 22–56.) Between February 7, 2025, and February 19, 2025, Debtor provided several more submissions regarding ADA accommodations for more time to comply with court deadlines and to sell the property. (ECF No. 22-1 at 7–28.)

On February 20, 2025, the Bankruptcy Court entered an Order scheduling a hearing on the Trustee's Motion to Dismiss for March 19, 2025, and set a March 14, 2025 deadline for Debtor to sell the property. (*Id.* at 30–32.) In that Order, the Bankruptcy Court indicated it would be inclined to grant another extension should the property be under contract by the March 14 deadline. (*Id.*) The Bankruptcy Court also denied Debtor's objection to US Bank's proof of claim. (*Id.* at 34–41.) On that date, Debtor filed another letter to oppose March 14 deadline, arguing it was not feasible by which the property could be sold. (*Id.* at 7–30.) Then, between February 24 and March 18, 2025, Debtor filed several more letters making ADA accommodation requests for more time to file amended petitions, serve subpoenas, and get a contract signed. (*Id.* at 42–59.) Debtor additionally noted her concern that the record was devoid of medical evidence, such as an expert to opine regarding Debtor's disabilities. (*Id.* at 51, 54, 58–59.)

The Bankruptcy Court granted the Trustee's Post-Confirmation Order of Dismissal on March 20, 2025. (*Id.* at 61–63.) Debtor filed more letters on March 21 and 24, 2025 requesting reconsideration of the dismissal order and expressing her intent to appeal the March 20 dismissal on the basis that the Bankruptcy Court precluded expert testimony and failed to accommodate her under the ADA. (*Id.* at 65–76.)

3

Plaintiff filed her Notice of Appeal on March 25, 2025, and attached a doctor's note disclosing her diagnoses with post-traumatic stress and dysthymia and indicating her diagnoses require additional time to complete tasks.  (*Id.* at 78–84; *see also* ECF No. 1.)  On April 2, 2025, Debtor filed a Motion to Vacate the Bankruptcy Court's Dismissal Order, indicating that a contract for the sale of her property was imminent and for the court to consider expert testimony and ADA accommodations.  (ECF No. 22-1 at 86–95.)  The Trustee objected to Debtor's Motion to Vacate, contending that the Bankruptcy Court properly dismissed the case for lack of prosecution after determining Debtor failed to market or sell her home in accordance with the Confirmed Plan— even after the Bankruptcy Court granted Debtor multiple extensions.  (*Id.* at 97–100.)  US Bank also objected.  (*Id.* at 102–115.)  Debtor filed fifteen letters between April 2, 2025, and June 2, 2025, seeking extension or accommodation requests under the ADA, and referenced the doctor's note regarding her diagnoses and stated that it served as new evidence in support of her Motion to Vacate.  (*Id.* at 116–165.)  Debtor again claimed that a contract was imminent, but because the property was infested with mice, she required more time to effectuate the sale.  (*Id.*)  The Bankruptcy Court entered an Order denying Debtor's application to vacate the dismissal on June 19, 2025.  (*Id.* at 167–68.)

## II.    SUBJECT MATTER JURISDICTION

This Court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees pursuant to 28 U.S.C. § 158(a).

## III.    LEGAL STANDARD

A district court reviews a bankruptcy court's "legal determinations de novo, its factual findings for clear error and its exercise of discretion for an abuse thereof."  *In re Rashid*, 210 F.3d 201, 205 (3d Cir. 2000); *see In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995) ("On appeal the district

court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . .") (quoting Former. Fed. R. Bankr. P. 8013); *see also In re Great Atl. & Pac. Tea Co., Inc.*, Civ. No. 14-4170, 2015 WL 6395967, at *2 n.1 (S.D.N.Y. Oct. 21, 2015) (although Fed. R. Bankr. P. 8013 was removed in the new Federal Rules of Bankruptcy Procedure "logic still compels the same conclusion with respect to the appellate powers of the District Court").

A bankruptcy court's decision to dismiss a case is reviewed for abuse of discretion.  *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).  When a bankruptcy court's decision rests upon "a clearly erroneous finding of fact, an erroneous legal conclusion or an improper application of law to fact," it is an abuse of discretion.  *In re Maxus Energy Corp.*, 49 F.4th 223, 228 (3d Cir. 2022).  "Discretion will be found to have been abused only when 'the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court."  *In re Camden Ordnance Co. of Arkansas, Inc.*, 245 B.R. 784, 797 (E.D. Pa. 2000) (quoting *In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993)).

## IV.    DISCUSSION

The Court construes Debtor's arguments liberally in light of her *pro se* status.  *Baker v. Younkin*, 529 F. App'x. 114, 115 (3d Cir. 2013).  Debtor challenges only the Bankruptcy Court's March 20, 2025 Order dismissing her petition.  (*See* ECF No. 4.)[1]  Debtor argues that the Bankruptcy Court committed reversible error because the court (1) failed to accommodate her extension requests in connection with the sale of her home as contemplated under the Confirmed

---

[1] While Debtor indicates she is appealing the March 19, 2025 Order, that document was entered on March 20, 2025. (ECF No. 21-1 at 61–63.)

Plan, (2) did not consider how her post-traumatic stress disorder and phobia of mice would manifest symptoms such as procrastination and avoidance, and (3) did not permit expert testimony under Rule 702 of the Federal Rules of Evidence or Rule 9017 of the Federal Rules of Bankruptcy Procedure to understand how her diagnoses would impact her ability to timely sell her home.  (*See generally* Appellant Br.)  The Trustee argues that the Bankruptcy Court did not abuse its discretion in ordering dismissal for cause pursuant to 11 U.S.C. 1307(c)(1) and (6) because Debtor failed to comply with the terms of the Confirmed Plan after the court afforded her a generous timeframe to accomplish the sale.  (Appellee Br. at 9–10.)

A bankruptcy confirmation order is a final judgment and has a preclusive effect.  *In re Arctic Glacier Int., Inc.*, 901 F.3d 162, 166 (3d Cir. 2018) (citations omitted).  The confirmation order binds the parties to its terms.  *In re Szostek*, 886 F.3d 1405, 1409 (3d Cir. 1989); 11 U.S.C. § 1327(a).  Upon request from an interested party, a Chapter 13 bankruptcy petition may be dismissed "for cause" after notice and a hearing when, among other things, there is an "unreasonable delay by the debtor that is prejudicial to the creditors" or there exists a "material default by the debtor with respect to a term of a confirmed plan."  *See* 11 U.S.C. § 1307(c)(1), (6).  A bankruptcy court has "considerable discretion in evaluating whether 'cause' exists and whether dismissal is the appropriate remedy" under 1307(c).  *In re Orawksy*, 387 B.R. 128, 137 (E.D. Pa. 2008).  Dismissal of a Chapter 13 petition "restores the pre-bankruptcy status quo, and creditors may use other avenues to collect on the debt."  *In re Marinari*, 610 B.R. 87, 93 (E.D. Pa. 2019).

Here, as an initial matter, the record on appeal is incomplete insofar as Debtor failed to submit transcripts for the relevant hearings or oral rulings from her bankruptcy proceedings.  Debtor thus violates Rule 8009(a)(4) and (b) of the Federal Rules of Bankruptcy Procedure and that is grounds for dismissal of her appeal.  *See In re Buccolo*, 308 F. App'x 574, 575 (3d Cir.

6

2009). "But '[n]ot every failure to follow procedural rules mandates dismissal of the appeal.'" *In re Lawson*, 774 F. App'x 58, 59 (3d Cir. 2019) (alteration in original) (quoting *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983)). This Circuit prefers adjudication "on the merits whenever practicable." *Id.* at 59–60 (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). The Court is nonetheless satisfied that it may resolve this appeal on the merits given the record before it.

The Bankruptcy Court did not abuse its discretion when it dismissed Debtor's petition for unreasonable delay that is prejudicial to the creditors. Under 11 U.S.C. § 1307(c)(1), the Bankruptcy Court was obligated to determine whether "cause" exists to dismiss for unreasonable delay that is prejudicial to the creditors. Debtor's Chapter 13 petition was filed immediately after a final judgment in foreclosure was entered to prevent a Sheriff Sale scheduled on the property. (ECF No. 22-1 at 36–37.) The Confirmed Plan mandated that Debtor sell the property by January 31, 2025. (ECF No. 20-1 at 34–38.) After Debtor submitted several ADA accommodation and extension requests related to her disability and the property's mouse infestation, the Bankruptcy Court extended the deadline to sell the property to March 14, 2025. (*See* ECF Nos. 20-1 at 75–85; 21-1 at 7–32.) It is clear to this Court that Debtor failed to sell the property by that deadline and has yet to sell the property despite her repeated claims that a contract is imminent. And notwithstanding Debtor's explanation that her post-traumatic stress disorder and phobias contributed to the delay, the record fails to demonstrate that Debtor took any meaningful steps to sell the property or otherwise comply with the Confirmed Plan. Debtor was thus the sole cause of the delay in selling her property. *See, e.g.*, *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in [her] case because a pro se plaintiff is solely responsible for the progress of [her] case."). It follows that Debtor's

recalcitrance in selling the property became prejudicial to the creditors' ability to maximize profits resulting from the sale.

The Bankruptcy Court likewise did not abuse its discretion by dismissing Debtor's petition for a material default of the Confirmation Plan.  11 U.S.C. § 1307(c)(6) requires the Bankruptcy Court to determine whether cause exists to convert or dismiss for a material breach of the confirmation plan.  As discussed, the Bankruptcy Court ordered a sale of the property to occur no later than January 31, 2025.  (ECF No. 20-1 at 34–38.)  Upon numerous extension and accommodation requests, the deadline was extended until March 14, 2025.  (*See* ECF Nos. 20-1 at 75–85; 21-1 at 7–32.)  Debtor's failure to effectuate a sale of the property by that time constituted a material breach of the Confirmed Plan.

Finally, Debtor suggests that expert testimony was required for the Bankruptcy Court to consider her request for an ADA accommodation for more time to sell the property because that testimony would have provided the Bankruptcy Court with a complete understanding as to how Debtor's mental health diagnoses impact her ability to timely complete tasks.  But despite Debtor's reliance on the ADA, it does not apply to the Federal Courts.  *See Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("While the [ADA] requires state courts to make disability accommodations, the ADA does not apply to federal courts.").  Regardless, the record demonstrates that the Bankruptcy Court afforded Debtor significant leeway given her *pro se* status and her personal circumstances by granting a three-month extension to sell the property as required under the Confirmed Plan.  (*See, e.g.*, ECF Nos. 20-1 at 34–38 & 22-1 at 30–32.)  And while Rule 702 governs the admissibility of expert testimony, *Sugg v. Virtusa*, Civ. No. 18-80356, 2026 WL 91995, at *8 (D.N.J. Jan. 13, 2026), it does not provide a litigant with the right to expert testimony in every action.  *See United States v. Augenblick*, 393 U.S. 348, 352 (1962) (explaining that the

purpose of evidentiary rules is to ensure fairness of trials); *see also Stroud v. Cook*, 931 F. Supp. 733, 734 (D. Nev. 1996) ("Rules of evidence are at least nominally rules which govern matter of procedure, rather than rules which allocate 'substantive rights.'").[2]  To the extent Debtor hoped that expert testimony might convince the Bankruptcy Court to be even more sympathetic to her extension requests than it already was, the decision whether to hear that testimony was an issue of case management over which the Bankruptcy Court had wide discretion.  *See In re Melilo*, Civ No. 15-3880, 2015 WL 6151230, at *2 (D.N.J. Oct. 19, 2015) (collecting cases).  And Debtor fails to cite any record evidence or legal authority that demonstrates an abuse of discretion under these circumstances.  The Court therefore finds no abuse of discretion in the Bankruptcy Court's refusal to hear from Debtor's expert witness.

The Court accordingly finds that the Bankruptcy Court properly determined there was "cause" to dismiss Debtor's Chapter 13 petition and will affirm the dismissal.

## V.    CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the Bankruptcy Court's March 20, 2025 Order.  An appropriate Order will follow.

Date: February 26, 2026.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Rule 9017 of the Federal Rules of Bankruptcy Procedure makes the Federal Rules of Evidence applicable to bankruptcy proceedings.

9